Opinion by
MR. JUSTICE ERICKSON.
*533 The defendant, David A. Kleiman, was charged and convicted by a jury of theft for unlawfully taking food stamps from the Department of Welfare of the City and County of Denver. 1971 Perm. Supp., C.R.S. 1963. 40-4-401.[1] The only error asserted on appeal relates to the admission of a summary of the weekly .earnings of the defendant. Admission of the exhibit which summarized the defendant’s income was error. No foundation was laid for the admission of the exhibit, and the trial judge was in error in concluding that the summary fell within the scope of admissibility of a business record. Crim. P. 26.2(a). See. also Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943), which defines the limits of the Federal Business Records as Evidence Act. 28 U.S.C. 1732. The Federal Business Records as Evidence Act has been reincarnated in our rule. Crim. P. 26.2.
Testimony was presented which established that a wage verification letter from the defendant’s employer was used to establish that the defendant obtained more food stamps than he was entitled to during the time period in issue. The wage verification letter was admitted as a defense exhibit without objection, and contains the same information which was included in the summary exhibit which was admitted over the defendant’s objection. Therefore, reversible error did not occur. See Roybal v. People, 177 Colo. 144, 493 P.2d 9 (1972); Fink v. Montgomery, 161 Colo. 342, 421 P.2d 735 (1966).
We affirm.
MR. JUSTICE KELLEY, MR. JUSTICE GROVES, and MR. JUSTICE LEE concur.

Now section 18-4-401, C.R.S. 1973.